## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC, and IP CO., LLC (d/b/a INTUS IQ)<br><br>**Plaintiff,**<br><br>v.<br><br>STREETLINE, INC.; and  KAPSCH TRAFFICCOM HOLDING CORP.<br><br>**Defendants.** | **Civil Action No.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs SIPCO, LLC and IP CO., LLC ("Plaintiffs") complains against Defendants Streetline, Inc. and Kapsch Trafficcom Holding Corp., all upon information and belief, as follows:

### PARTIES

1.      Plaintiff SIPCO, LLC ("SIPCO") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 2600 Abbey Court, Alpharetta, Georgia, 30004.

2.      IP CO, LLC (d/b/a INTUS IQ) ("IP CO") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 8215 Roswell Road, Building 900, Suite 950, Atlanta, Georgia 30350.

3.      Defendant Streetline Inc. is a corporation organized under the laws of Delaware, with its principal place of business located at 1200 Park Place, San Mateo, CA 94403

("Streetline").  Streetline may be served with process by serving its registered agent,

Incorporating Services, Ltd., 3600 S Dupont Highway, Dover, DE 19901.

4.      Defendant Kapsch Trafficcom Holding Corp. is a corporation organized under the

laws of Delaware, with its principal place of business in McLean, Virginia, and may be served

with process by serving its registered agent, The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, DE 19801.  Kapsch Trafficcom Holding Corp, is a

wholly-owned subsidiary of Kapsch TrafficCom B.V., of Amsterdam, Netherlands, which is a

wholly-owned subsidiary of Kapsch TrafficCom AG, of Vienna, Austria, a publicly held

corporation.

5.      On or about April 16, 2015, Kapsch Trafficcom Holding Corp. acquired a

majority and controlling interest in Streetline, so that Streetline operates as a wholly-owned

subsidiary of Kapsch Trafficcom Holding Corp.

6.      Streetline and Kapsch Trafficcom Holding Corp. shall hereafter be collectively

referenced as "Streetline," unless the context otherwise dictates.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, Title 35 of the

United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendants by virtue of the Defendants

being corporations created and existing under the laws of the State of Delaware.

9.      Venue is proper in this Judicial District as to each Defendant under 28 U.S.C. §§

1391(c) and 1400(b) by virtue of the Defendants being corporations created and existing under

the laws of the State of Delaware.

## PLAINTIFFS

10.     SIPCO and IP CO are small research, development and technology companies

based in Atlanta, Georgia. T. David Petite is a founding member of both companies.

11.     In the 1990's, through his own individual research and development efforts, Mr.

Petite invented a large number of wireless control and distribution technology applications.  The

inventions resulting from Mr. Petite's efforts include, but are not limited to, various ways of

moving data as economically and seamlessly as possible over both wired and wireless networks.

12.     Through the 1990's and early 2000's investors contributed tens of millions of

dollars for technology development and implementation of networks.  Clients included Georgia

Power, Alabama Power, Newnan Utilities GA, Johnson Controls, Synovus Bank and Grand

Court Lifestyles residential living facilities.

13.     After proving that the technology worked in the field, several companies

competed to purchase an exclusive license to Mr. Petite's technology for the market known as

"smart grid."  Landis+Gyr (http://www.landisgyr.com/) (previously Siemens Metering) took an

exclusive license to the smart grid technology in 2002 and in 2005 purchased rights to the

technology for utility applications for $30,000,000.  Mr. Petite's technology has been deployed

in millions of meters deployed across North America and throughout the world.

14.     SIPCO retained the rights to the mesh network patents, and for use of the

technology outside of the utility space.  It still maintains ownership of the software, firmware,

hardware and patent portfolio that resulted from Mr. Petite's research and development efforts,

and SIPCO continues to develop and deploy wireless technology applications and wireless

technology systems throughout the United States.

15.     SIPCO's patent portfolios (of which the patents in suit are a part) include inventions that are widely recognized as pioneering in various fields of use.  As a result, over 75 corporations have taken licenses to them. Licensees include companies operating in the vertical markets of Industrial Controls, Smart Grid, Building Automation, Network Backhaul, Home Appliance, Home Automation and Entertainment, Sensor Monitoring, and Internet Service Provisioning. Licensed products include products using standard wireless mesh protocols such as WirelessHART, ZigBee, IEEE 802.15.4, Z-Wave, and as well as proprietary wireless protocols such as that marketed by Enocean.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,908,842

16.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

17.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 8,908,842 entitled "Multi-Functional General Purpose Transceivers and Devices." ("the '842 Patent").  The '842 Patent was duly and legally issued on December 9, 2014.  A true and correct copy of the '842 Patent is attached as Exhibit 1.

18.     Defendants have directly infringed and continue to infringe at least claim 16 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be

embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or ParkingData (which provides access to data for parking locations and availability through two complementary APIs), within the scope of the claims.

19.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT II
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,625,496

20.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

21.     Plaintiff IP CO is the owner by assignment of United States Patent No. 8,625,496 entitled "Wireless Network System and Method for Providing Same." ("the '496 Patent").  The '496 Patent was duly and legally issued on January 7, 2014.  A true and correct copy of the '496 Patent is attached as Exhibit 2.

22.     Defendants have directly infringed and continue to infringe at least claim 27 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking

monitoring hardware within the scope of the claims.

23.     Defendants have directly infringed and continue to infringe at least claim 37 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of providing wireless network communication through the implementation and use of Streetline smart parking monitoring hardware within the scope of the claims.

24.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT III
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,233,471

25.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

26.     Plaintiff IP CO is the owner by assignment of United States Patent No. 8,233,471 entitled "Wireless Network System and Method for Providing Same." ("the '471 Patent").  The '471 Patent was duly and legally issued on July 31, 2012.  A true and correct copy of the '471 Patent is attached as Exhibit 3.

27.     Defendants have directly infringed and continue to infringe at least claims 17 and 28 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware within the scope of the claims.

28.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT IV
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,223,010

29.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

30.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 8,223,010 entitled "Systems And Methods For Monitoring Vehicle Parking" ("the '010 Patent").  The '010 Patent was duly and legally issued on July 17, 2012.  A true and correct copy of the '010 Patent is attached as Exhibit 4.

31.     Defendants have directly infringed and continue to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or  ParkingData (which provides access to data for parking locations and availability through two complementary APIs), within the scope of the claims.

32.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT V
### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,697,492

33.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

34.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,697,492 entitled "Systems And Methods For Monitoring And Controlling Remote Devices" ("the '492 Patent").  The '492 Patent was duly and legally issued on April 13, 2010.  A true and correct copy of the '492 Patent is attached as Exhibit 5.

35.     Defendants have directly infringed and continue to infringe at least claims 8, 10 and 13 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of communicating command and sensed data between remote wireless devices through the implementation and use of Streetline smart parking monitoring hardware within the scope of the claims.

36.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VI
### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,468,661

37.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

38.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,468,661 entitled "Systems And Methods For Monitoring And Controlling Remote Devices" ("the '661 Patent").  The '661 Patent was duly and legally issued on December 23, 2008.  A true and correct copy of the '661 Patent is attached as Exhibit 6.

39.     Defendants have directly infringed and continue to infringe at least claim 5 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or  ParkingData (which provides access to data for parking locations and availability through two complementary APIs), within the scope of the claims.

40.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,103,511

41.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

42.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,103,511 entitled "Wireless Communication Networks For Providing Remote Monitoring Of Devices" ("the '511 Patent").  The '511 Patent was duly and legally issued on September 5, 2006, and the Patent was reexamined and a Reexamination Certificate was issued on October 25, 2011.  A true and correct copy of the '511 Patent, together with its certificate of reexamination is attached as Exhibit 7.

43.     Defendants have directly infringed and continue to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or  ParkingData (which provides access to

data for parking locations and availability through two complementary APIs), within the scope of the claims.

44.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VIII
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,914,893

45.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

46.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,914,893 entitled "System and Method for Monitoring and Controlling Remote Devices" ("the '893 Patent").  The '893 Patent was duly and legally issued on July 5, 2005.  A true and correct copy of the '893 Patent, together with its certificate of reexamination is attached as Exhibit 8.

47.     Defendants have directly infringed and continue to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware within the scope of the claims.

48.     Defendants have directly infringed and continue to infringe at least claim 37 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of communicating between geographically remote devices through the implementation and use of Streetline smart parking monitoring hardware within the scope of the claims.

49.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs

as a result of Defendants' wrongful acts.

## COUNT IX
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,437,692

50.    Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

51.    Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,437,692 entitled "System And Method For Monitoring And Controlling Remote Devices" ("the '692 Patent"). The '692 Patent was duly and legally issued on August 20, 2002. A true and correct copy of the '692 Patent is attached as Exhibit 9.

52.    Defendants have directly infringed and continue to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or ParkingData (which provides access to data for parking locations and availability through two complementary APIs), within the scope of

the claims.

53.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT X
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,249,516

54.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-15 and incorporates them by reference.

55.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,249,516 entitled "Wireless Network Gateway and Method for Providing Same" ("the '516 Patent").  The '516 Patent was duly and legally issued on June 19, 2001, and the Patent was reexamined and a Reexamination Certificate was issued on November 18, 2008.  A true and correct copy of the '516 Patent, together with its certificate of reexamination is attached as Exhibit 10.

56.     Defendants have directly infringed and continue to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware within the scope of the claims.

57.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## PATENT STATUS

58.     Plaintiffs note that the following Petitions for Inter Partes Review have been filed with the United States Patent and Trademark Office, with the following status:

a.  Case IPR2015-00668 relating to Patent 6,437,692.  A Petition was filed on

February 2, 2015.  On August 11, 2015, the Patent Trial and Appeal Board ruled that

"The Petition fails to show there is a reasonable likelihood that Petitioner would prevail

with respect to at least one of the claims challenged in the Petition."

b.  Case IPR2015-00663 relating to Patent 7,103,511.  A Petition was filed on

February 2, 2015.  On June 23, 2015, the Patent Trial and Appeal Board ruled that

"Petitioner does not demonstrate a reasonable likelihood of prevailing on its challenge to

the patentability of claims 1–4, 6–11, 27–47, and 51–64 of the '511 patent as

unpatentable under 35 U.S.C. § 103."  On August 29, 2015, the Patent Trial and Appeal

Board denied the Petitioner's motion for reconsideration of the Board's finding that the

claims were patentable.

c.  Case IPR2014-00751 relating to Patent 7,468,661.  A Petition was filed on May

14, 2014 to review claims 1–14.  The Patent Trial and Appeal Board instituted trial with

respect to claims 1–4 and 9–13 on November 17, 2014. (Paper 15)  On November 13,

2015, the Patent Trial and Appeal Board ruled that "claims 2–4 … are unpatentable," but

"claims 1 and 9–13 … have not been shown to be unpatentable."

d.  Case IPR2015-00659 relating to Patent 7,697,492.  A Petition was filed on

February 2, 2015.  On August 11, 2015, the Patent Trial and Appeal Board ruled that

"The information presented does not show that there is a reasonable likelihood that

Petitioner would prevail at trial with respect to at least one claim of the '492 patent."  On

December 10, 2015, the Patent Trial and Appeal Board denied the Petitioner's motion for

reconsideration of the Board's finding that the claims were patentable.

e.   Case IPR2015-01973 relating to Patent 8,013,732.  A Petition was filed on

September 25, 2015.  On March 28, 2016, the Patent Trial and Appeal Board agreed to

review claims 3, 14, 16–21, and 23–35 of the '732 Patent.  A trial has not yet been held.

f.   Case CBM2016-00095 relating to Patent 8,908,842.  A Petition was filed on July

18, 2016.

g.   Case IPR2016-01602 relating to Patent 6,249,516.  A Petition was filed on

August 12, 2016.

h.   Case IPR2015-01579 relating to Patent 6,914,893.  A Petition was filed on July

13, 2015. On January 14, 2016, the Patent Trial and Appeal Board ruled that "the

information presented in the Petition and accompanying evidence does not establish that

there is a reasonable likelihood Petitioner would prevail in showing the unpatentability of

any one of the challenged claims, 1, 2, 10, and 37, of the '893 patent". On March 17,

2016, the Patent Trial and Appeal Board denied the Petitioner's motion for

reconsideration of the Board's finding that the claims were patentable.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter:

A.   A judgment in favor of Plaintiff that Defendants have directly and indirectly

   infringed Patents 8,908,842; 8,625,496; 8,233,471; 8,223,010; 7,697,492; 7,468,661;

   7,103,511; 6,914,893; 6,437,692; and 6,249,516;

B.   A judgment and order requiring Defendants to pay Plaintiff its damages, costs,

   expenses, prejudgment and post-judgment interest, and post-judgment royalties for

Defendants' infringement of Patents 8,908,842; 8,625,496; 8,233,471; 8,223,010; 7,697,492; 7,468,661; 7,103,511; 6,914,893; 6,437,692; and 6,249,516, as provided under 35 U.S.C. § 284;

C.   A judgment and order holding that Defendants' infringement was willful, and awarding treble damages and attorney fees and expenses;

D.   Judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff; and

E.   Any and all other relief to which the Court may deem Plaintiff entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

September 19, 2016

*/s/ George Pazuniak*
George Pazuniak DE (No. 478)
Sean T. O'Kelly (DE No. 4349)
Daniel P. Murray (DE No. 5785)
O'KELLY & ERNST, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 478-4230 / 778-4000
(302) 295-2873 (facsimile)
gp@del-iplaw.com
sokelly@oeblegal.com
dmurray@oeblegal.com