IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC, IP CO., LLC, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 16-830-RGA |
| STREETLINE, INC., and KAPSCH TRAFFICCOM HOLDING CORP., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Defendants' Motion to Dismiss under Rule 12(b)(6) (D.I. 7) is **GRANTED**, with leave to amend within twenty-one days.

Plaintiff's complaint for direct patent infringement against two defendants asserts ten patents in ten counts. Defendants' motion to dismiss raises the issue whether the complaint meets the *Twombly/Iqbal* pleading standard.

The complaint identifies two defendants, Streetline and Kapsch. It alleges that since April 16, 2015, Streetline "operates as a wholly-owned subsidiary" of Kapsch. (D.I. 1, ¶ 5). The complaint does not otherwise mention Kapsch. The complaint gives some history of Plaintiff and its founder, and recites the results of various PTAB proceedings. Other than in the ten counts of the complaint (and from what can be gleaned by looking at the patents, which are attached to the complaint as exhibits), there is nothing in the complaint relevant to the issue of the sufficiency of the pleadings.

The counts of the complaint follow one of two formats. Five of them (Counts 2, 3, 5, 8,

and 10) state that Plaintiff asserts a particular patent issued on a particular date with a particular title. For example, "Plaintiff . . . is the owner by assignment of United States Patent No. 8,625,496 entitled 'Wireless Network System and Method for Providing Same.' ('the '496 patent'). The '496 Patent was duly and legally issued on January 7, 2014. A true and correct copy of the '496 Patent is attached as Exhibit 2." (*Id.*, ¶ 21). There follows one or more allegations of infringement, for example, "Defendants have directly infringed and continue to infringe at least claim 27 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline smart parking monitoring hardware within the scope of the claims." (Id., ¶ 22). There follows an allegation of damages. That is it. The other five (Counts 1, 4, 6, 7, and 9) have a slightly more robust format, the difference being that instead of the accused product being "the Streetline smart parking monitoring hardware within the scope of the claims," the accused products are described as:

> the Streetline smart parking monitoring hardware and software systems in combination with one or more of Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve compliance and achieve optimal turnover), ParkSight Analytics (a Software-as-a-service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or ParkingData (which provides access to data for parking locations and availability through two complementary APIs), within the scope of the claims.

(*Id.*, ¶ 18).[1]

---

[1] I do not understand what the phrase, "within the scope of the claims," is supposed to mean.

As noted above, Plaintiff asserts Claim 27 of the '496 patent. It reads:

> 27. In a wireless system comprising a plurality of second nodes and a first node configured to implement a first node process, the first node process including receiving data packets via a first node wireless radio, sending data packets via said wireless radio, communicating with a network, performing node link tree housekeeping functions, maintaining a second node link tree having second node link entries representing each of the plurality of second nodes, dynamically updating the tree to reflect the current operational status of the second nodes, and rerouting data packets around inactive or malfunctioning second nodes, a second node in the plurality of second nodes, the second node configured to implement a second node process including: sending and receiving data packet via a second node wireless radio; maintaining a send/receive data buffer in a digital memory; and selecting a link to the first node that is one of a direct link to the first node and an indirect link to the first node through at least one of the remainder of the plurality of second nodes.

Defendants' brief states that only one of the patents has anything to do with parking, which seems to be what Defendants' products are related to. That would be U.S. patent no. 8,223,010, for which, in Count 4, claim 1 is asserted. It reads:

> 1. A vehicle parking monitoring system, comprising: a parking space sensor enabled to detect the presence of at least one vehicle in a first parking space of a first parking area; and a parking area transceiver in communication with the parking space sensor, the parking area transceiver configured to receive information from the parking space sensor and transmit the information to a gateway, the parking area transceiver also configured to receive information from the gateway, wherein the gateway is connected to a wide area network and configured to receive information from the parking area transceiver and transmit the information to the wide area network, the gateway also configured to receive information from the wide area network and transmit the information to the parking area transceiver.

The complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products.

The issue of what exactly *Twombly/Iqbal* requires to state a plausible claim of patent infringement is the subject of some debate in the district courts. The latest word from the Federal Circuit is a few months old. *See Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016). In *Lyda*, the Court considered the sufficiency of the allegations of joint infringement. Appellant was not

arguing that the allegations were sufficient under the *Twombly/Iqbal* standard, but the Court nevertheless discussed the sufficiency. The Court stated, "[T]he [complaint] must plausibly allege that Defendants exercise the requisite 'direction or control' over the performance of the claim steps, such that performance of every step is attributable to Defendants." *Id.* at 1340. The Court went on to note the absence of "any factual allegations" to support the allegation of direction or control, including how the direction or control occurred, and the relationship between the Defendants and the third parties who were committing the infringing acts. The Court concluded that there were "no allegations . . . that can form the basis of a reasonable inference that each claim step was performed by or should be attributed to Defendants." *Id.*

I do not need to consider at this juncture exactly how much Plaintiff must allege in order to withstand a motion to dismiss.[2] Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe out patents. This is insufficient to plausibly allege patent infringement. Clearly, Plaintiff could allege a lot more than it has, as no ethical lawyer would bring this lawsuit if the plaintiff could not allege more. Plaintiff does not have to allege everything it has, but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it plausible to think a defendant has infringed at least one claim of any asserted patent.

---

[2] I think Defendants go too far in saying or implying Plaintiff has to produce infringement contentions. I also think Defendants go too far in saying that if more than one claim is asserted from a patent, there has to be factual support alleged for each such claim. On the other hand, I think Defendants are correct that it is insufficient to state as a fact that an infringing defendant company is a wholly-owned subsidiary of a second company, and, by virtue of that alone, the second company is therefore also liable for infringement.
  That being said, a motion to dismiss for failure to state a claim in a patent case is not the place for claim construction or the judge learning the technology that is being asserted.

Thus, the motion to dismiss is granted. Plaintiff has twenty-one days to file an amended complaint.

IT IS SO ORDERED this ___20___ day of January 2017.

_____
United States District Judge