## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SIPCO, LLC, and IP CO., LLC (d/b/a INTUS IQ)** | |
| **Plaintiff,** | **Civil Action No.  1:16-cv-00830-RGA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **STREETLINE, INC.; KAPSCH TRAFFICCOM HOLDING CORP.; and KAPSCH TRAFFICCOM U.S. CORP.** | |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs SIPCO, LLC and IP CO., LLC ("Plaintiffs") complains against Defendants Streetline, Inc., Kapsch Trafficcom Holding Corp. and Kapsch Trafficcom U.S. Corp., all upon information and belief, as follows:

### PARTIES

1.      Plaintiff SIPCO, LLC ("SIPCO") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 2600 Abbey Court, Alpharetta, Georgia, 30004.

2.      IP CO, LLC (d/b/a INTUS IQ) ("IP CO") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 8215 Roswell Road, Building 900, Suite 950, Atlanta, Georgia 30350.

3.      Defendant Streetline Inc. is a corporation organized under the laws of Delaware, with its principal place of business located at 1200 Park Place, San Mateo, CA 94403

("Streetline").  Streetline may be served with process by serving its registered agent, Incorporating Services, Ltd., 3600 S Dupont Highway, Dover, DE 19901.

4.      Defendant Kapsch Trafficcom Holding Corp. is a corporation organized under the laws of Delaware, with its principal place of business in McLean, Virginia, and may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Kapsch Trafficcom Holding Corp, is a wholly-owned subsidiary of Kapsch TrafficCom B.V., of Amsterdam, Netherlands, which is a wholly-owned subsidiary of Kapsch TrafficCom AG, of Vienna, Austria, a publicly held corporation.

5.      On or about April 16, 2015, Kapsch Trafficcom Holding Corp. acquired a majority and controlling interest in Streetline, so that Streetline operates as a wholly-owned subsidiary of Kapsch Trafficcom Holding Corp.

6.      Defendant Kapsch Trafficcom U.S. Corp. is a corporation organized under the laws of Delaware, with its principal place of business located at 1200 Park Place, San Mateo, CA 94403 ("Streetline").  Kapsch Trafficcom U.S. Corp. may be served with process by serving its registered agent, The Corporation Trust Company., Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

7.      Kapsch Trafficcom Holding Corp.and Kapsch Trafficcom U.S. Corp. may hereafter be collectively referenced as "Kapsch Defendants."

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

1331 and 1338(a).

9.      This Court has personal jurisdiction over all Defendants by virtue of the

Defendants being corporations created and existing under the laws of the State of Delaware.

10.      Venue is proper in this Judicial District as to each Defendant under 28 U.S.C. §§

1391(c) and 1400(b) by virtue of the Defendants being corporations created and existing under

the laws of the State of Delaware.

## PLAINTIFFS

11.      SIPCO and IP CO are small research, development and technology companies

based in Atlanta, Georgia.  T. David Petite is a founding member of both companies.

12.      In the 1990's, through his own individual research and development efforts, Mr.

Petite invented a large number of wireless control and distribution technology applications.  The

inventions resulting from Mr. Petite's efforts include, but are not limited to, various ways of

moving data as economically and seamlessly as possible over both wired and wireless networks.

13.      Through the 1990's and early 2000's investors contributed tens of millions of

dollars for technology development and implementation of networks.  Clients included Georgia

Power, Alabama Power, Newnan Utilities GA, Johnson Controls, Synovus Bank and Grand

Court Lifestyles residential living facilities.

14.      After proving that the technology worked in the field, several companies

competed to purchase an exclusive license to Mr. Petite's technology for the market known as

"smart grid."  Landis+Gyr (http://www.landisgyr.com/) (previously Siemens Metering) took an

exclusive license to the smart grid technology in 2002 and in 2005 purchased rights to the

technology for utility applications for $30,000,000.  Mr. Petite's technology has been deployed

in millions of meters deployed across North America and throughout the world.

15.     SIPCO retained the rights to the mesh network patents, and for use of the technology outside of the utility space.  It still maintains ownership of the software, firmware, hardware and patent portfolio that resulted from Mr. Petite's research and development efforts, and SIPCO continues to develop and deploy wireless technology applications and wireless technology systems throughout the United States.

16.     SIPCO's patent portfolios (of which the patents in suit are a part) include inventions that are widely recognized as pioneering in various fields of use.  As a result, over 75 corporations have taken licenses to them. Licensees include companies operating in the vertical markets of Industrial Controls, Smart Grid, Building Automation, Network Backhaul, Home Appliance, Home Automation and Entertainment, Sensor Monitoring, and Internet Service Provisioning. Licensed products include products using standard wireless mesh protocols such as WirelessHART, ZigBee, IEEE 802.15.4, Z-Wave, and as well as proprietary wireless protocols such as that marketed by Enocean.

## DEFENDANTS

17.     Streetline provides a parking management solution to governmental entities.

18.     The solution includes hardware such as gateways (or gateway servers), repeaters and parking sensors.   Streetline's parking sensors are sealed mechanical units mounted in or on a pavement surface which contain an array of sensing components and logic to manage the collection of data at the individual parking space regarding the presence of an automobile in a parking location, and have been provided as V2ISL-EPS – Imbedded Vehicle Sensor and V2ISL-SPS – Surface Mount Vehicle Sensor.  Streetline repeater has been provided as V2ISL-RPP -

Sensor Repeater.  The parking management hardware, including the above sensors, repeaters and gateways are collectively referred to as "Streetline Equipment."

19.     The Streetline Equipment integrates, and the term "Streetline Equipment" includes, "motes-on-a-chip" supplied by the Dust Networks group of Linear Technology Corporation, which "motes-on-a-chip" are fully compliant to the WirelessHART (IEC62591) and IEEE 802.15.4e wireless mesh networking standards to form fully redundant wireless self-forming, self-healing multi-hop mesh network of nodes or motes to monitor and to collect and relay data, and specifically meet the standards for IEEE Std 802.15.4-2006, Wireless Medium Access Control (MAC) and Physical Layer (PHY) Specifications for Low-Rate Wireless Personal Area Networks (LR-WPANs), and are represented by the ultralow power, LTC5800 and/or LTP5903 System-on-Chip.  The Dust Networks system is referred to as "Smartmesh." SmartMesh allows Streetline to reliably transmit street-level data in real time to their web-based suite of parking management applications.  The typical application utilizing the LTC5800 and/or LTP5903 system-on-a-chip, is generally shown below, and does represent the Streetline solution:



20.     The Streetline solution also includes several application programs and interfaces,

which include Parker (which guides drivers to available parking spaces), ParkerMap (a free service for city merchants that enables them to provide real-time parking information to their patrons, and which can be embedded on a merchant's website and automatically updates with the latest parking information to ease shoppers' planning process), ParkEdge (a self-publishing tool that enables public and private off-street parking to publish their parking garage and lot locations, space inventory, rates, hours, and availability in real-time), Enforcement (a mobile application that enables the City and its enforcement team to improve Streetline's compliance and achieve optimal turnover), ParkSight Analytics™ (a Software-as-a-Service (SaaS) which provides parking data that can be accessed 24/7 with a secure login credential via the web) and/or  ParkingData (which provides access to data for parking locations and availability through two complementary APIs) (collectively, "Streetline Programs").

21.     The overall Streetline solution is hereafter referred to as "Smart Parking," and it is depicted as the following image provided by Streetline:



22.     Defendants Kapsch Trafficcom Holding Corp.; and Kapsch Trafficcom U.S.

Corp. have jointly marketed, and induced third-parties to acquire and use, the Streetline Smart

Parking solution in this country.  An example of the marketing is reflected in on Kapsch website

at:

https://www.kapsch.net/us/ktc/Portfolio/Intelligent-Mobility-Solutions/Smart-Urban-
Mobility/Smart-Parking

23.     The Kapsch website shows:



24.     The Kapsch website specifically states that "Our offerings include …

• **Analysis:** Comprehensive solutions for real-time analysis of parking situations within
  defined areas.
• **Fee collection:** Automated solutions for collecting parking fees based upon different
  criteria, such as time of day or authorization levels (e.g. for handicapped drivers).
• **Navigation to nearest parking space:** Our applications guide road users directly to the
  nearest available parking space.
• **Parking space management:** With our solutions, we can collect real-time parking
  situation data and make this information available in online applications, from digital
  displays to websites and apps.
• **Sensors:** Our sensors not only detect open parking spaces, they can also measure noise
  levels or road temperature and make this data available for intelligent traffic
  management.

These are all descriptions of the Streetline Smart Parking systems.

25.      The above webpage indicates that the copyright holder as of 2009 had been "Copyright Kapsch TrafficCom U.S. Corp."  The "Terms and Conditions" identify "Kapsch TrafficCom" as the owner of the website.

26.      The filing of the original Complaint constituted notice in accordance with 35 U.S.C. § 287 with respect to all the Patents asserted in this case.  Despite such notice, the Defendants continue to import into, market, offer for sale and/or sell in the United States the Streetline Equipment and Streetline Programs ("Streetline System"), and have induced and are inducing persons to use the Streetline Equipment and Streetline Programs, and to practice the methods of the Streetline Equipment and Streetline Programs.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,908,842

27.      Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

28.      Plaintiff SIPCO is the owner by assignment of United States Patent No. 8,908,842 entitled "Multi-Functional General Purpose Transceivers and Devices." ("the '842 Patent").  The '842 Patent was duly and legally issued on December 9, 2014.  A true and correct copy of the '842 Patent is attached as Exhibit 1.

29.      Defendant Streetline has directly infringed and continues to infringe at least claim 16 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs.

30.     The Kapsch Defendants have directly infringed at least claim 16 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least infringed by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

31.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,625,496

32.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

33.     Plaintiff IP CO is the owner by assignment of United States Patent No. 8,625,496 entitled "Wireless Network System and Method for Providing Same." ("the '496 Patent").  The '496 Patent was duly and legally issued on January 7, 2014.  A true and correct copy of the '496 Patent is attached as Exhibit 2.

34.     Defendant Streetline has directly infringed and continues to infringe at least claim 27 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment.

35.     Defendant Streetline has directly infringed and continue to infringe at least claim 11 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of

providing wireless network communication through the implementation and use of Streetline Equipment.

36.    Defendant Streetline has infringed and continues to infringe at least claim 11 of the Patent (literally and/or under the doctrine of equivalents) by intentionally inducing persons to practice the patented methods of claim 11 through the implementation and use of Streetline Equipment in combination with one or more of the Streetline Programs.  Defendant Streetline is thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

37.    The Kapsch Defendants have directly infringed the at least claim 27 of Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented system, as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

38.    The Kapsch Defendants have infringed at least claim 11 of the Patent at least by intentionally inducing persons to practice the patented methods of claim 11, as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

39.    Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 8,233,471

40.    Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

41.     Plaintiff IP CO is the owner by assignment of United States Patent No. 8,233,471 entitled "Wireless Network System and Method for Providing Same." ("the '471 Patent").  The '471 Patent was duly and legally issued on July 31, 2012.  A true and correct copy of the '471 Patent is attached as Exhibit 3.

42.     Defendant Streetline has directly infringed and continue to infringe at least claims 17 and 28 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, the Streetline Equipment.

43.     The Kapsch Defendants have directly infringed at least claims 17 and 28 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

44.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,223,010

45.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

46.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 8,223,010 entitled "Systems And Methods For Monitoring Vehicle Parking" ("the '010 Patent").  The '010 Patent was duly and legally issued on July 17, 2012.  A true and correct copy of the '010 Patent

is attached as Exhibit 4.

47.     Defendant Streetline has directly infringed and continues to infringe at least claim 16 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs.

48.     The Kapsch Defendants have directly infringed at least claim 16 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions, as reflected in Paragraphs 22-25, *supra*.  Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

49.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 7,697,492**

50.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

51.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,697,492 entitled "Systems And Methods For Monitoring And Controlling Remote Devices" ("the '492 Patent").  The '492 Patent was duly and legally issued on April 13, 2010.  A true and correct copy of the '492 Patent is attached as Exhibit 5.

52.     Defendant Streetline has directly infringed and continues to infringe at least

claims 8, 10 and 13 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of communicating command and sensed data between remote wireless devices through the implementation and use of the Streetline Equipment.

53.     The Kapsch Defendants have directly infringed at least claims 8, 10 and 13 of the Patent at least by inducing the direct infringement by intentionally inducing persons to practice the patented methods, as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

54.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 7,468,661

55.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

56.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,468,661 entitled "Systems And Methods For Monitoring And Controlling Remote Devices" ("the '661 Patent").  The '661 Patent was duly and legally issued on December 23, 2008.  A true and correct copy of the '661 Patent is attached as Exhibit 6.

57.     Defendant Streetline has directly infringed and continues to infringe at least claims 5 and 8 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs.

58.     The Kapsch Defendants have directly infringed at least claims 5 and 8 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions, as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

59.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VII
## DINFRINGEMENT OF U.S. PATENT NO. 7,103,511

60.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

61.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 7,103,511 entitled "Wireless Communication Networks For Providing Remote Monitoring Of Devices" ("the '511 Patent").  The '511 Patent was duly and legally issued on September 5, 2006, and the Patent was reexamined and a Reexamination Certificate was issued on October 25, 2011.  A true and correct copy of the '511 Patent, together with its certificate of reexamination is attached as Exhibit 7.

62.     Defendant Streetline has directly infringed and continues to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline

Programs.

63.     The Kapsch Defendants have directly infringed at least claim 1 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least infringed by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions, as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

64.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT VIII
## INFRINGEMENT OF U.S. PATENT NO. 6,914,893

65.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

66.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,914,893 entitled "System and Method for Monitoring and Controlling Remote Devices" ("the '893 Patent").  The '893 Patent was duly and legally issued on July 5, 2005.  A true and correct copy of the '893 Patent, together with its certificate of reexamination is attached as Exhibit 8.

67.     Defendant Streetline has directly infringed and continues to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs.

68.     Defendant Streetline has directly infringed and continues to infringe at least claim 37 of the Patent (literally and/or under the doctrine of equivalents) by practicing the method of communicating between geographically remote devices through the implementation and use of Streetline Equipment in combination with one or more of the Streetline Programs.

69.     Defendant Streetline has infringed and continues to infringe at least claim 37 of the Patent (literally and/or under the doctrine of equivalents) by intentionally inducing persons to practice the patented methods of claim 37 through the implementation and use of Streetline Equipment in combination with one or more of the Streetline Programs.  Defendant Streetline is thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

70.     The Kapsch Defendants have directly infringed at least claim 1 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least infringed by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions as reflected in Paragraphs 22-25, *supra.*  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

71.     The Kapsch Defendants have infringed at least claim 37 of the Patent at least by intentionally inducing persons to practice the patented methods of claim 37, as reflected in Paragraphs 22-25, *supra.*  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

72.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT IX
## INFRINGEMENT OF U.S. PATENT NO. 6,437,692

73.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

74.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,437,692 entitled "System And Method For Monitoring And Controlling Remote Devices" ("the '692 Patent"). The '692 Patent was duly and legally issued on August 20, 2002. A true and correct copy of the '692 Patent is attached as Exhibit 9.

75.     Defendant Streetline has directly infringed and continues to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs.

76.     The Kapsch Defendants have directly infringed at least claim 1 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least infringed by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions as reflected in Paragraphs 22-25, *supra*. The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

77.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs. Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT X
## INFRINGEMENT OF U.S. PATENT NO. 6,249,516

78.     Plaintiffs hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-26 and incorporates them by reference.

79.     Plaintiff SIPCO is the owner by assignment of United States Patent No. 6,249,516 entitled "Wireless Network Gateway and Method for Providing Same" ("the '516 Patent").  The '516 Patent was duly and legally issued on June 19, 2001, and the Patent was reexamined and a Reexamination Certificate was issued on November 18, 2008.  A true and correct copy of the '516 Patent, together with its certificate of reexamination is attached as Exhibit 10.

80.     Defendant Streetline has directly infringed and continues to infringe at least claim 1 of the Patent (literally and/or under the doctrine of equivalents) by making, having had made, using, offering for sale and selling, or offering for use and using, a wireless network system comprising the Streetline Equipment

81.     The Kapsch Defendants have directly infringed at least claim 1 of the Patent by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline, or at least infringed by inducing the direct infringement of the Patent by intentionally inducing persons to use the patented inventions as reflected in Paragraphs 22-25, *supra*.  The Kapsch Defendants are thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b).

82.     Defendants' acts of infringement have caused and continue to cause damage to Plaintiffs.  Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## PATENT STATUS

83.    Plaintiffs note that the following Petitions for Inter Partes Review have been filed with the United States Patent and Trademark Office, with the following status:

a.    Case IPR2014-00147 relating to Patent 6,249,516: A Petition was filed on November 13, 2013.  The proceeding was terminated by agreement of the parties on December 2, 2014.

b.    Case IPR2014-00751 relating to Patent 7,468,661.  A Petition was filed on May 14, 2014 to review claims 1–14.  The Patent Trial and Appeal Board instituted trial with respect to claims 1–4 and 9–13 on November 17, 2014. (Paper 15)  On November 13, 2015, the Patent Trial and Appeal Board ruled that "claims 2–4 … are unpatentable," but "claims 1 and 9–13 … have not been shown to be unpatentable."

c.    Case IPR2015-00668 relating to Patent 6,437,692.  A Petition was filed on February 2, 2015.  On August 11, 2015, the Patent Trial and Appeal Board ruled that "The Petition fails to show there is a reasonable likelihood that Petitioner would prevail with respect to at least one of the claims challenged in the Petition."

d.    Case IPR2015-00663 relating to Patent 7,103,511.  A Petition was filed on February 2, 2015.  On June 23, 2015, the Patent Trial and Appeal Board ruled that "Petitioner does not demonstrate a reasonable likelihood of prevailing on its challenge to the patentability of claims 1–4, 6–11, 27–47, and 51–64 of the '511 patent as unpatentable under 35 U.S.C. § 103."  On August 29, 2015, the Patent Trial and Appeal Board denied the Petitioner's motion for reconsideration of the Board's finding that the claims were patentable.

e.   Case IPR2015-00659 relating to Patent 7,697,492.  A Petition was filed on February 2, 2015.  On August 11, 2015, the Patent Trial and Appeal Board ruled that "The information presented does not show that there is a reasonable likelihood that Petitioner would prevail at trial with respect to at least one claim of the '492 patent."  On December 10, 2015, the Patent Trial and Appeal Board denied the Petitioner's motion for reconsideration of the Board's finding that the claims were patentable.

f.   Case IPR2015-01579 relating to Patent 6,914,893.  A Petition was filed on July 13, 2015. On January 14, 2016, the Patent Trial and Appeal Board ruled that "the information presented in the Petition and accompanying evidence does not establish that there is a reasonable likelihood Petitioner would prevail in showing the unpatentability of any one of the challenged claims, 1, 2, 10, and 37, of the '893 patent". On March 17, 2016, the Patent Trial and Appeal Board denied the Petitioner's motion for reconsideration of the Board's finding that the claims were patentable.

g.   Case IPR2015-01973 relating to Patent 8,013,732.  A Petition was filed on September 25, 2015.  On March 28, 2016, the Patent Trial and Appeal Board agreed to review claims 3, 14, 16–21, and 23–35 of the '732 Patent.  A trial has not yet been held.

h.   Case CBM2016-00095 relating to Patent 8,908,842.  A Petition was filed on July 18, 2016.  A trial was instituted on January 23, 2017.

i.   Case IPR2016-01602 relating to Patent 6,249,516.  A Petition was filed on August 12, 2016.

j.   Case IPR2016-01895 relating to Patent 7,697,492.  A Petition was filed on September 28, 2016.

k.  Case IPR2017-00001 relating to Patent 7,468,661.  A Petition was filed on October 1, 2016.

l.  Case IPR2017-00007 relating to Patent 8,233,471.  A Petition was filed on October 12, 2016.

m.  Case IPR2017-00008 relating to Patent 8,233,471.  A Petition was filed on October 12, 2016.

n.  Case IPR2017-00213 relating to Patent 8,625,496.  A Petition was filed on November 9, 2016.

o.  Case IPR2017-00216 relating to Patent 8,013,732.  A Petition was filed on November 8, 2016.

p.  Case IPR2017-00260 relating to Patent 6,914,893.  A Petition was filed on November 14, 2016.

q.  Case IPR2017-00308 relating to Patent 6,437,692.  A Petition was filed on November 21, 2016.

r.  Case IPR2017-00333 relating to Patent 6,437,692.  A Petition was filed on November 25, 2016.

s.  Case IPR2017-00359 relating to Patent 6,437,692.  A Petition was filed on November 30, 2016.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter:

A.  A judgment in favor of Plaintiff that Defendants have directly and indirectly

infringed Patents 8,908,842; 8,625,496; 8,233,471; 8,223,010; 7,697,492; 7,468,661; 7,103,511; 6,914,893; 6,437,692; and 6,249,516;

B.  A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of Patents 8,908,842; 8,625,496; 8,233,471; 8,223,010; 7,697,492; 7,468,661; 7,103,511; 6,914,893; 6,437,692; and 6,249,516, as provided under 35 U.S.C. § 284;

C.  A judgment and order holding that Defendants' infringement was willful, and awarding treble damages and attorney fees and expenses;

D.  Judgment that this is an exceptional case, and, thus, awarding attorney fees and expenses to Plaintiff; and

E.  Any and all other relief to which the Court may deem Plaintiff entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

February 6, 2017

*/s/ George Pazuniak*
George Pazuniak DE (No. 478)
Sean T. O'Kelly (DE No. 4349)
Daniel P. Murray (DE No. 5785)
O'KELLY & ERNST, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 478-4230 / 778-4000
(302) 295-2873 (facsimile)
gp@del-iplaw.com
sokelly@oeblegal.com
dmurray@oeblegal.com