IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC, and IP CO., LLC, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 16-830-RGA |
| STREETLINE, INC., KAPSCH | : |
| TRAFFICCOM HOLDING CORP., and | : |
| KAPSCH TRAFFICCOM U.S. CORP., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Plaintiffs filed a complaint asserting direct infringement of ten patents against two defendants. Defendants filed a motion to dismiss for failure to state a claim (D.I. 7), which I granted. (D.I. 15). I stated as part of the basis for dismissal: "The complaint makes no attempt to connect anything in the patent claims to anything about any of the accused products." (*Id*. at 3). I gave Plaintiffs leave to amend, and Plaintiffs filed the First Amended Complaint ("FAC"). (D.I. 16). Defendants again moved to dismiss. (D.I. 18). I now consider that motion.

The FAC adds a third defendant and assertions of indirect infringement, but the main relevant change is that the FAC now describes the accused product in some detail (D.I. 16, ¶¶ 17-21), albeit detail that is only understandable (if at all) by a person of ordinary skill in the art. For example, "The Streetline Equipment [which includes "sensors, repeaters and gateways," *see id.*, ¶18] integrates . . . 'motes-on-a-chip' supplied by [a third party], which 'motes-on-a-chip' are fully compliant to the Wireless HART (IEC62591) and IEEE 802.15.4e wireless mesh

1

networking standards to form fully redundant wireless self-forming, self-healing multi-hop mesh network of nodes or motes to monitor and to collect and relay data, and specifically meet the standards for IEEE Std 802.15.4-2006, Wireless Medium Access Control (MAC) and Physical Layer (PHY) Specifications for Low-Rate Wireless Personal Area Networks (LR-WPANS), and are represented by the ultralow power LTC5800 and/or LTP 5903 System-on-Chip." (D.I. 16, ¶19).

I looked at the patent asserted in Count I of the FAC. Plaintiffs allege that Defendant Streetline infringes the '842 patent's claim 16 by making, using, or selling "a wireless network system comprising the Streetline Equipment in combination with one or more of the Streetline Programs." (D.I. 16, ¶ 29). The patent is entitled "multi-functional general purpose transceivers and devices." Claim 16 describes a "device for communicating information," which includes a processor and a memory, with the memory containing "logical instructions that when executed . . . are configured to cause the device to: wirelessly transmit a signal . . to a network of addressable low-power transceivers; [connect at least one of the low-power transceivers to a central location]; and receive one or more low-power RF signals and communicate information contained within the signals to the central location [along with an identifier]." (D.I. 1-1 at 20).[1]

---

[1] The full claim reads:

A device for communicating information, the device comprising:

1. a processor; and

a memory, the memory comprising logical instructions that when executed by the processor are configured to cause the device to:

wirelessly transmit a signal comprising instruction data for delivery to a network of addressable low-power transceivers;

establish a communication link between at least one low-power transceiver in the network of addressable low-power transceivers and a central location based on an address included in the signal, the communication link comprising

2

The patent's claim seems very broad. I think a "chip" at least implies a processor and probably memory. The diagram at D.I. 16, ¶ 19, shows a "controller," which I would understand likely includes a processor and memory. Ultralow power LTC5800 and LTP5903 might well be low power transceivers. The diagram shows signals; maybe they are RF signals. Synthesizing the above, particularly in connection with the diagram in the FAC's ¶ 19, it might be the case that Streetline sells a device that infringes this patent. On the other hand, I am not an engineer and I have not been provided with "a short and plain statement" from which I can say, viewing the allegations in the light most favorable to Plaintiffs, that Plaintiffs have plausibly alleged infringement. Plaintiffs do not actually say that the Streetline Equipment is a "device" or a transceiver, which would seem to be required by Claim 16.

I think it is incumbent on a plaintiff to provide a readable document that plausibly alleges infringement. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are numerous district court decisions that require, to plausibly state a claim for patent infringement, that the complaint relate its factual allegations to an asserted claim of the patent. *See, e.g., Novitaz, Inc. v. Inmarket Media, LLC*, 2017 WL 2311407, *4 (N.D. Ca. May 26, 2107) (dismissing direct infringement claims where the complaint "makes no factual allegations about how the [named accused products] operate, let alone map this information onto any elements of

---

one or more low-power transceivers in the network of addressable low-power transceivers; and

receive one or more low-power RF signals and communicate information contained within the signals to the central location along with a unique transceiver identification number over the communication link.

U.S. Patent No. 8,908,842 B2 (D.I. 1-1 at 20).

3

any of the claims of the [asserted patent]"); *TeleSign Corp. v. Twilio, Inc.*, 2016 WL 4703873, *3 (C.D. Ca. Aug. 3, 2016) (requiring "allegations sufficient to 'permit [the] court to infer that the accused product infringes each element of at least one claim"); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F.Supp.3d 1005, 1011 (D.N.J. 2016) (dismissing infringement allegations where the complaint "made no attempt to describe the alleged infringement and also failed to relate factual assertions to the pertinent claims in the [asserted] patent"); *Atlas IP, LLC v. Exelon Corp.*, 189 F.Supp.3d 768, 775 (N.D. Ill. 2016) ("factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement–they are merely compatible with infringement"); *Raindance Techs, Inc. v. 10X Genomics, Inc.*, 2016 WL 927143, *2 (D.Del. Mar. 4, 2016) ("Plaintiff makes no attempt to relate any [of] their factual assertions with any of the asserted claims"). I do not think providing me a copy of the patent and a description of the product, at least in this case, meets the required standard.

Counts II through X follow the same basic format as Count I. Given that I am not satisfied that Plaintiffs have plausibly alleged any infringement in Count I, I am not going to examine Counts II through X until Plaintiffs have given those counts their best shot.

Therefore, I do not need to reach or consider Defendants' numerous other arguments.

I am disappointed that Plaintiffs did not take my last order a little more seriously, but I will nevertheless give them another chance to amend the complaint to meet the requirement that the complaint make plausible allegations of infringement. This will be their last chance. They should not throw away their shot.

The motion to dismiss (D.I. 18) is **GRANTED**. Plaintiffs have three weeks within which

they may amend their complaint.

    IT IS SO ORDERED this 21 day of June 2017.

/s/ Richard G. Andrews<br>
United States District Judge