IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC and IP CO., LLC,<br><br>Plaintiffs,<br><br>v.<br><br>STREETLINE, INC., KAPSCH<br>TRAFFICCOM HOLDING CORP., and<br>KAPSCH TRAFFICCOM U.S. CORP.<br><br>Defendants. | Civil Action No. 16-830-RGA |

## MEMORANDUM ORDER

Plaintiffs SIPCO and IP Co. filed a complaint against Defendants Streetline, Inc. and Kapsch Trafficcom Holding Corp. alleging infringement of ten patents. (D.I. 1). Defendants filed a motion to dismiss for failure to state a claim (D.I. 7), which I granted. (D.I. 15). I gave Plaintiffs leave to amend, and Plaintiffs filed the First Amended Complaint ("FAC"). (D.I. 16). The FAC added Kapsch Trafficcom U.S. Corp. as a third defendant, assertions of indirect infringement, and a detailed description of the accused product. (*See id.*). Defendants again moved to dismiss. (D.I. 18). I granted that motion. (D.I. 24). I again gave Plaintiffs leave to amend, and Plaintiffs filed the Second Amended Complaint ("SAC"). (D.I. 25). Defendants moved to dismiss in part the SAC. (D.I. 30). I now consider that motion.

The SAC adds ten new claim charts, which appear to show how the accused products meet each limitation of the asserted claims of the ten patents-in-suit. (D.I. 26, Exhs. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20).

Defendants Kapsch Trafficcom Holding Corp. and Kapsch Trafficcom U.S. Corp. ("Kapsch") argue the SAC fails to state claims against them for direct or induced infringement. (D.I. 31 at 7). Defendant Streetline argues the SAC fails to state a claim against it for induced infringement. (*Id.*).

The SAC names some of the component parts of the parking system with some specificity. (D.I. 25 ¶¶ 18, 19, 20). The SAC makes clear that the products at issue are Streetline products, and that Kapsch's involvement as defendants grows out of their 2015 acquisition of Streetline. (*Id.* ¶ 5). Streetline is now a wholly-owned subsidiary of one of the Kapsch Defendants. (*Id.*).

As to claims of direct infringement against Kapsch, I do not think the SAC meets the *Twombly/Iqbal* pleading standard. In the SAC, Plaintiffs allege Kapsch "ha[s] directly infringed [the patents-at-issue] by either offering to sell and selling the Streetline system cited above in reference to infringement by Defendant Streetline." (D.I. 25 ¶¶ 31, 40, 47, 53, 65, 71, 77, 83, 89; *see also id.* ¶ 59). In some circumstances, this might be enough, but here the SAC makes clear that it is Streetline's product. Thus, the allegation that Streetline's corporate relatives also sell the product is sufficiently inconsistent with the other allegations as to require some factual assertions to make the allegation "plausible." The only factual support for the allegation that Kapsch "offers to sell, or sells" the patented inventions is the Kapsch website, which states, "Our offerings include . . . ." (*Id.* ¶¶ 23, 24). The website goes on to list parking solutions, including sensors and parking space management. (*Id.*). Above the heading, "Our offerings include," is a short paragraph related to Kapsch's acquisition of Streetline. (*Id.* ¶ 23).

In my opinion, these facts are insufficient to allow the Court to draw a "reasonable inference" that Kapsch is liable for offering to sell or selling the patented inventions. *See*

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, I do not think the fact that Kapsch's website states "[o]ur offerings include," without more, supports an inference that Kapsch is manifesting a willingness to enter into a bargain with a prospective customer. *See Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254–55 (Fed. Cir. 2000) (defining "offer to sell" in 35 U.S.C. § 271(a) "according to the norms of traditional contractual analysis"). Nothing on the website provided in the SAC suggests one could purchase any of the listed parking solutions from Kapsch. Similarly, there are no facts alleged in the SAC supporting the inference that Kapsch "sells" or has sold the patented inventions. Thus, I am dismissing the SAC as to claims of direct infringement against Kapsch.

As to the claim of induced infringement against Streetline, I similarly do not think the SAC meets the *Twombly/Iqbal* pleading standard. In applying that standard, the Federal Circuit has held that in order for a claim of induced infringement to survive a motion to dismiss, the "complaint[] must contain facts plausibly showing that [Defendants] specifically intended their customers to infringe the [asserted patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *see also id.* ("Liability under § 271(b) requires knowledge that the induced acts constitute patent infringement." (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011))). It is not sufficient for the complaint to contain only a "formulaic recitation" of the elements of an inducement claim. *See id.* at 1346 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

In this case, the sole allegation of induced infringement against Streetline appears in Count II of the SAC. That Count alleges that Streetline "has infringed and continues to infringe . . . by intentionally inducing persons to practice the patented method of claim 11 [of the '496

3

patent] through implementation and use of Streetline Equipment in combination with one or more of the Streetline Programs. Defendant Streetline is thus liable for indirect infringement pursuant to 35 U.S.C. § 271(b)." (D.I. 25 ¶ 39). It consists of nothing more than a bare recitation of the legal elements of an inducement claim. The SAC contains no facts to support the allegation that Streetline had specific intent to induce infringement. I am therefore dismissing the SAC as to the claim of induced infringement against Streetline.[1]

All ten counts also allege induced infringement against Kapsch. But the allegations against Kapsch are just as formulaic as they are in the one allegation of induced infringement against Streetline. Other than providing a portion of the Kapsch website, which lists certain parking solutions, the SAC contains no facts to support the allegation that Kapsch specifically intended others to infringe Plaintiff's patents. Therefore, for the same reasons, I am dismissing the SAC as to claims of induced infringement against Kapsch.

For the reasons stated above, Defendants' motion to dismiss in part the SAC (D.I. 30) is **GRANTED.** Defendants' motion for additional time to respond (D.I. 27) is therefore **DISMISSED** as moot.

It is **SO ORDERED** this __7__ day of February 2018.

Richard G. Andrews
United States District Judge

---

[1] Because I find the SAC fails to adequately plead the mental state required for a claim of induced infringement, I need not reach or consider Defendants' additional argument that Plaintiffs' inducement allegations are deficient because they fail to generally identify the alleged direct infringers. (D.I. 31 at 16).

4